IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MARRICONE | )<br>)<br>)  Civil Action No.<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| PALISADES COLLECTION, L.L.C.<br>and<br>NORTHLAND GROUP, INC. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.* (hereafter the "NJCFA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereafter the "UTPCPL"), and other common law claims. The laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff John Marricone is an adult individual residing at 1658 South Ash Circle, Jamison, Pennsylvania 18929.

5. Defendant Palisades Collection L.L.C. (hereafter "Palisades") is a business entity with its principal office located at **210 Sylvan Avenue, Englewood Cliffs, New Jersey 07632**. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6. Defendant Northland Group, Inc. (hereafter "Northland") is a business entity with its principal office located at 7831 Glenroy Road, Suite 110, Edina, Minnesota 55439. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant was hired to collect a debt relating to an account with HSBC (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times material hereto, Plaintiff did not owe a debt and has never owed a debt to Defendants.

10. Despite the fact that Defendants knew or should have known that Plaintiff did not owe the debt, on or about June 9, 2008, Defendant Palisades filed a civil complaint in the Pennsylvania Court of Common Pleas against Plaintiff in an attempt to collect the debt. (A true and correct copy of relevant civil complaint is attached hereto as Exhibit A and is incorporated herein.)

11. Because Plaintiff was not responsible for the debt, Plaintiff was forced to hire attorneys and defend against the lawsuit filed by Defendant Palisades at a substantial out-of-pocket cost to Plaintiff.

12. On or about July 3, 2008, Plaintiff's attorneys successfully obtained a dismissal of the lawsuit against Plaintiff because Plaintiff was not responsible for the debt. (A true and correct copy of relevant dismissal is attached hereto as Exhibit B and is incorporated herein.) Palisades, as the owner of the debt, was aware of this fact.

13. Notwithstanding the above, Defendant Palisades then hired Defendant Northland to continue to collect the debt from Plaintiff with the intent to annoy abuse and harass Plaintiff, and, on or about October 2, 2010, Defendant Northland sent Plaintiff a dunning letter in an attempt to collect the debt. (A true and correct copy of relevant dunning letter is attached hereto as Exhibit C and is incorporated herein.)

14. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt.

15. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with a non-debtor in connection with the collection of any debt.

16. Defendants acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17. Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

18. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that any individual is an attorney or that any communication is from an attorney.

19. Defendants acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

20. Defendants knew or should have known that their actions violated the FDCPA, FCEUA, and the UTPCPL. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### **COUNT I – ALL DEFENDANTS - VIOLATIONS OF THE FDCPA**

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692e(2)(A), 1692e(3), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt;

    (b) Communicating with any person other than the debtor in connection with the collection of a debt;

    (c) Misrepresenting the character, amount, or legal status of the debt;

    (d) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

    (e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

29. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **COUNT II – PALISADES – VIOLATIONS OF THE NJCFA**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Both Plaintiff and Defendant Palisades are "persons" as defined by N.J.S.A. § 56:8-1(d) of the NJCFA.

33. Defendant has violated the NJCFA as they have used and employed unfair and deceptive practices in connection with the debt, including, but not limited to continuing to attempt to collect a debt from Plaintiff that Defendant knows does not belong to Plaintiff despite having previously brought a lawsuit against Plaintiff and that lawsuit having been dismissed because Plaintiff is not responsible for the debt.

34. Defendants' business practices constitute unconscionable commercial practices, deception, fraud, false pretenses and/or misrepresentations in its interactions with Plaintiff and those similarly situated, in violation of the NJCFA.

35. Plaintiff further suffered ascertainable losses as described herein.

36. As a result of the violations of the NJCFA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, treble damages and attorneys' fees and costs.

**COUNT III – ALL DEFENDANTS – VIOLATION OF THE FCEUA & UTPCPL**

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendants are "debt collectors" as defined by 73 P.S. § 2271.36 of the FCEUA.

39. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

40. The letters sent to Plaintiff by Defendants are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

41. Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendants' violation of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. §2270.4(a), as evidenced by the following conduct:

    (a) Communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt;

    (b) Communicating with any person other than the debtor in connection with the collection of a debt;

    (c) Misrepresenting the character, amount, or legal status of the debt;

    (d) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

    (e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

  (f)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

42. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorneys' fees and costs.

### COUNT IV – ALL DEFENDANTS - INVASION OF PRIVACY

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. Defendants' conduct, including but not limited to continuing to collect against Plaintiff over a debt he does not owe constitutes an invasion of privacy.

46. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### JURY TRIAL DEMAND

47. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

  (a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: December 23, 2010